UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF BEAUMONT
TEXAS

FILED - CLERK
U.S. DISTRICT COURT
2003 JAN 16 AM 10: 33
TX EASTERN-BEAUMONT
BY

CARL THOMAS GUICHARD,SR
      VS.
MIA FARROW OF BRIDGEWATER,
CONNECTICUT;WOODY ALLEN OF
NEW YORK,N.Y.,THE HARTFORD
CURRENT NEWSPAPER OF HARTFORD,
CONNECTICUT;THE CABLE NEWS(CNN)
NETWORK,INC e-mail INTERNET
NEWS-TIMES,SHOWBIZ
AND
DELLA BREWER WISNIESKE

EASTERN U.S.CIVIL

DISTRICT COURT 1103CV0038

A HABEAS CORPUS PETITION OF INJUNCTION
"TORT'S INTERFERENCE" INTO
DUE PROCESS AND OF PAROLE.
THE UNLAWFUL CONDUCT ON THE
INTERNET

     Comes now;Carl Thomas Guichard;Senior a
resident of Beaumont,Texas(Parolee)and acting Pro-Se
Attorney on behalf of himself and to the interest of
his Aero-Space Engineer son,Carl Thomas Guichard,Junior;
seeking this Honorable U.S.District Court to issue an
immediate injunction to withdraw the false internet
article,news,and to refrain from their "tort's inter_
ference" into parole and of due process.  The aforementioned
respondants through their deflammation of character/
characters have adversely violated the civil rights of
the plaintiff and his son.(See Attorney General Issues
Report on Unlawful Conduct on the Internet..i..e..WWW.
USDOJ.GOV TDD(202)514-1888 attached)



*EXHIBIT #4*

FOR IMMEDIATE RELEASE

AG

THURSDAY, MARCH 9, 2000

(202)616-2777

WWW.USDOJ.GOV

TDD (202) 514-1888

## ATTORNEY GENERAL ISSUES REPORT ON
## UNLAWFUL CONDUCT ON THE INTERNET

WASHINGTON, DC - Attorney General Janet Reno today issued a report that presents an analysis of legal and policy issues created by unlawful conduct on the Internet. The report, entitled, *The Electronic Frontier: The Challenge of Unlawful Conduct Involving The Use of the Internet*, is a product of the President's Working Group on Unlawful Conduct on the Internet. The report finds that the Internet presents new and significant investigatory challenges for law enforcement at all levels.

"The Internet has afforded our society unparalleled opportunities, many which we are just discovering, but it is also providing new opportunities for criminals to engage in crime," said Attorney General Janet Reno. "Through the continued efforts of law enforcement and private industry we will ensure that the Internet reaches its full potential for expanding communications, facilitating commerce, and bringing countless other benefits to our society."

The report recommends a three-part approach to address unlawful conduct the Internet and concludes that:

- Regulation of unlawful conduct involving the use of the Internet should be analyzed through a framework that ensures that online conduct is treated in a manner consistent with the way offline conduct is treated, in a technology-neutral manner, and in a manner that recognizes and protects privacy and civil liberties.

- Cybercrime presents unique and significant challenges to law enforcement which requires resources for training, new investigative tools, legal authorities and capabilities.

- Continued support of private sector leadership is needed to promote and teach "cyberethics" to empower Internet users to prevent and minimize the risks of unlawful activity.

Case 1:03-cv-00038-RC-WCR   Document 1   Filed 01/16/03   Page 3 of 51   PageID #: 3

The Working Group analyzed existing federal law for its applicability in cybercrime cases. It determined that current law is appropriate in most cases of fraud, child pornography, sale of prescription drugs and controlled substances, firearms, gambling, alcohol, securities fraud and intellectual property over the Internet. It also indicated a need for modification of certain procedural and evidentiary laws in order for law enforcement to confront the challenges created by the Internet.

According to the report, the challenge facing law enforcement is the difficulty in finding criminals in the Internet's multi-jurisdictional, global environment. The inability to track down sophisticated criminals who hide their identities online, the need for better coordination among law enforcement agencies, and the need for trained and well-equipped personnel at all levels of law enforcement is critical to fighting cybercrime.

The report also states that when addressing these challenges, the government should carefully consider all societal interests. A balance must be struck when investigating and prosecuting criminals which takes into account free speech, protecting children, reasonable expectations of privacy, broad access to public information, and legitimate commerce.

The interagency Working Group was established in August 1999 by a Presidential Executive Order, under the leadership of the Attorney General, to address the issue of unlawful conduct involving the use of Internet. The working group was directed to perform their evaluation within the context of current Administration policy which included promoting self-regulation in the industry, supporting technology-neutral laws and recognizing that the Internet is an important resource for commerce, communication and education.

The Working Group benefitted from the views of a variety of sources. providing input included various entities of the federal government, and local groups, industry groups, and non-profit advocacy and civil liberties groups.

The Working Group's Report is available on-line at: http://www.usdoj.gov/criminal/cybercrime.

### 

00-111

*EXHIBIT 5-A dated Dec 13, 2002*




SWM, 40+,
from spooky 60's
sitcom

Dec. 13, 2002

Get Our Free Newsletter

search

| HOME | ■ NEWS | FEATURES | ⊞ GOSSIP | REVIEWS+ | CELEBS | FUN&GAMES | MULTIMEDIA |

## NEWS — LATEST NEWS 



Farrow with Eliza

### Ex-Con Threatens to Take Mia's Child

**by Marcus Errico**
Jun 9, 1997, 2:00 PM PT

Forget Woody, Mia Farrow has a bigger problem on her hands: a potentially violent stalker. A Texas fugitive, who claims to be the biological father of Farrow's adopted daughter, Dylan, says he's heading to Connecticut to "recapture" the child, a state prosecutor said Monday.

In 1992, State's Attorney Frank Maco was assigned to the Farrow-Allen case. Mia had accused Woody of sexually molesting their jointly adopted daughter, Dylan. As the case grabbed headlines nationwide, Maco started receiving letters from Carl Guichard--a Texas inmate who claimed the girl was his child.

(Allen was subsequently cleared and Maco never filed charges. However, in December, a New York judge barred the director from visiting Dylan--who now goes by the name Eliza--saying that the 12-year-old "remains adamant in negative feelings toward Mr. Allen.")

Maco dismissed Guichard's claims and didn't think of him again until November, 1994. That's when Guichard, paroled after his sentence for theft, showed up in New York City and held a series of press conferences restating his claims.

About that time Maco discovered another cache of letters, courtesy of the FBI. In those missives, originally written to Farrow's lawyers, Guichard stated that Dylan "was subject to recapture" and that, unless he was given back his daughter in a timely manner, it would be "a deadline for bloodshed."

"I called down to Texas and said, 'I think we may have a problem here with Mr. Guichard,'" Maco recalled.

New York shipped Guichard back to his Texas cell, where the Louisiana native remained until coming up for mandatory parole last summer. Texas authorities restricted Guichard's travel rights, but, before they could fit him with an electronic monitoring device, Guichard split. "That was November 1996. He's been on the lam ever since, surfacing here and there," Maco said.

Then last Monday, Guichard called up a Connecticut journalist and told him that he'd be in town in "a couple of weeks." The journalist called Maco who put police "on a position of preparedness in the area around Farrow and her family" in Litchfield County.

Now, cops are waiting for the 60-year-old fugitive--who's rap sheet includes assault, harassment and kidnapping. "I have to let everyone know that this guy's still out

---

**tonight**

*THS* Face O
The New Kic
take on pop
Tiffany; 8 p

**TODAY'S**

FIRST LOOK
News in Bri

Nolte Gets F
for DUI

Spock Retir

"Survivor" E
Slapped Aro

Scare
won'
that p
gift thi

**FRESH FE**

New Movie
Adaptation, /
That, Empire

Lord of the
Two Towers I
Q&A's, lots n

The Anna N
Show: Catch
'n' naughty h
special, send
greeting

*EXHIBIT 5-A dated Dec 13, 2002*

there. And," said Maco, with more than a hint of bravado, "I want Mr. Guichard to know that the last place you want to go is the state of Connecticut, especially Litchfield, because we're waiting for you."

✉ email this story        *! message board        🖥 print this story

**Headlines • First Look • The Dotted Line • Celeb Courthouse • Pop Quiz • E! News Live**

**all news stories** ⠶

• **help**   • **about E! Online**   • **site map**   • **membership**   • **newsletter**
Use of this site signifies your acceptance of the Privacy Policy and
Terms of Use. Copyright © 2002 E! Entertainment Television, Inc. All rights reserved.

**Replay 200**
the year's be
undressed, t
more

**THE HI**

**Today's Bes**
• Talking *Sch*
• Guys wide
• All *Star* line

*EXHIBIT 5-B dated June 9, 1997 and December 13, 2002*



## Ex-Con Threatens to Take Mia's Child

by Marcus Errico
Jun 9, 1997, 2:00 PM PT

Forget Woody, Mia Farrow has a bigger problem on her hands: a potentially violent stalker. A Texas fugitive, who claims to be the biological father of Farrow's adopted daughter, Dylan, says he's heading to Connecticut to "recapture" the child, a state prosecutor said Monday.

In 1992, State's Attorney Frank Maco was assigned to the Farrow-Allen case. Mia had accused Woody of sexually molesting their jointly adopted daughter, Dylan. As the case grabbed headlines nationwide, Maco started receiving letters from Carl Guichard--a Texas inmate who claimed the girl was his child.

(Allen was subsequently cleared and Maco never filed charges. However, in December, a New York judge barred the director from visiting Dylan--who now goes by the name Eliza--saying that the 12-year-old "remains adamant in negative feelings toward Mr. Allen.")

Maco dismissed Guichard's claims and didn't think of him again until November, 1994. That's when Guichard, paroled after his sentence for theft, showed up in New York City and held a series of press conferences restating his claims.

About that time Maco discovered another cache of letters, courtesy of the FBI. In those missives, originally written to Farrow's lawyers, Guichard stated that Dylan "was subject to recapture" and that, unless he was given back his daughter in a timely manner, it would be "a deadline for bloodshed."

"I called down to Texas and said, 'I think we may have a problem here with Mr. Guichard,'" Maco recalled.

New York shipped Guichard back to his Texas cell, where the Louisiana native remained until coming up for mandatory parole last summer. Texas authorities restricted Guichard's travel rights, but, before they could fit him with an electronic monitoring device, Guichard split. "That was November 1996. He's been on the lam ever since, surfacing here and there," Maco said.



Get Between Our Covers

CLICK HERE TO SEARCH THE NBUSA RETAIL CENTER LOCATOR

New from Mercedes-Benz.

Showbiz News: Parolee May Be After Mia Farrow's Daughter

http://mrshowbiz.go.com/news/Todays_Stories/970610/6_10_97_3farrow.html

GO Kids    GO Family    GO Money    GO News    GO Sports    GO Home

INFOSEEK SEARCH ● Mr. Showbiz ○ Web    About GO Network
Sign in
Free E-mail

Network    | Search |





n e w s

June 10, 1997

# Parolee May Be After Mia Farrow's Daughter

A missing parolee who has made threats against Mia Farrow and Woody Allen and who claims to be the father of their adopted daughter, Dylan, may be on his way to Connecticut, state's attorney Frank Maco said on Thursday. Sixty-year-old Carl Guichard contacted a Connecticut reporter last week and indicated that he was on his way to the state in which Farrow and her children live. Maco says the local police have been alerted. Guichard first emerged when Allen was under investigation for allegedly molesting twelve-year-old Dylan (he was never prosecuted). Guichard made public claims that he was the child's biological father, and said in letters that he intended to "recapture" her. He also threatened "bloodshed" if the child was not handed over to him. Guichard alleged that his common-law wife gave Dylan up for adoption without his consent while they were both serving prison terms. Farrow adopted Dylan in 1985, and Maco says Guichard is not related to the child. As a result of the threats, Guichard, who was already on parole from a previous jail sentence, was sent back to prison, where he remained until he was paroled again last summer. He has not checked in with his Texas parole board since November. "We're trying to impress upon [Guichard] that Connecticut and Litchfield County are the last places in the country [he wants] to consider traveling to at this point," said Maco.

**headlines**

Clooney Denies *ER* Homecoming

Fraser and Lopez Plan *Wedding*

David Lynch's ABC Drama DOA?

De Niro to Direct *Again*

Penn and Polley to Take on *Weight*

Fiennes Breaks From Films; *Shaft* Gets New Foe; More

*Bride, Blair* Dominate at B.O.

## Related Stories

**Quick Hits: News on a Naked Cindy Crawford, Bruce Willis, Woody "Hemp" Harrelson, Sandra + Matt, and Much More . . .**
January 23, 1997

**Mia Farrow's Revelations on Woody**
February 4, 1997

**Woody Allen and Soon-Yi To Adopt?**
April 7, 1997

**English Patient Tops BAFTA Awards**
April 30, 1997

**news archive**

Miss last week's news? Get all the headlines in the **News Archive** or search for any story we've run since 1996.

*Exhibit 5-A*



News
International
Local
National
Regional
Health
Weather
Sports
Business
Classified
Entertainment
Features
Site Index
Archives



## The News-Times

### *Regional News*

*June 6, 1997*

## Man who threatened Mia Farrow may be headed to Connecticut, authorities say

LITCHFIELD, Conn. (AP) - Connecticut authorities say have they reason to believe a Texas fugitive who has threatened actress Mia Farrow and her daughter may be planning a trip to the state.

Litchfield County State's Attorney Frank Maco said Thursday he has received information that Carl T. Guichard plans to travel to Connecticut in the next two weeks.

Guichard, 61, walked away from a halfway house in Texas four months ago. He had been serving time for a probation violation after making threats against Farrow and her adopted daughter Dylan, Maco said. The Farrows live in Bridgewater.

Guichard has claimed to be the biological father of Dylan and has threatened in letters to ``recover'' the girl by whatever means needed.

``Wherever he is and whatever he plans to do, I suggest that Connecticut and Litchfield County are the last places on earth where he should show up,'' Maco said.

As a fugitive, Guichard can be arrested by any law enforcement officer. If he is caught in Litchfield County, he could also be charged with stalking, threatening, risk of injury to a child and custodial interference, Maco said.

*Copyright 1996 Associated Press. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.*





HOME
U.S.
WORLD
LOCAL
WEATHER
SPORTS
SCI-TECH
TRAVEL
STYLE
SHOWBIZ ◄
movies
what's on tv?
HEALTH
EARTH
CNNfn
allpolitics ▲
CONTENTS
HELP !
FEEDBACK
SEARCH





S T O R Y   P A G E

# Mia Farrow slams Woody Allen in tell-all book

February 5, 1997
Web posted at: 11:20 p.m. EST

NEW YORK (Reuter) -- Mia Farrow's long-awaited memoir on life with Woody Allen hit bookstores Wednesday, painting the director-comedian as more neurotic than anyone he ever played in one of his films.



(CNN/file)

Forget Valentine's Day. In "What Falls Away," Farrow wrote a poison pen letter accusing Allen of bizarre behavior culminating in his seducing one of her adopted daughters and possibly sexually molesting another.

But some pages in Farrow's 370-page book read like scenes from a Woody Allen comedy -- such as his early habit of asking his secretary to call Farrow to arrange dates and never directly doing it himself. Alone with her, he could not bring himself to say her name.



Allen

"Woody Allen was connected to his doctors like no one I ever heard of: he had a doctor for every single part of his body. Whenever one of his movies came out he'd have a screening for his doctors and their wives. It was called 'The Doctor's Screening' and the room was always full," she wrote, adding that if Allen felt the least bit ill he would take his temperature every 10 minutes.

"He kept his own thermometer at my apartment. In his pocket

he kept a silver box of pills for any conceivable ailment."

## A romance gone down the drain

Farrow, whose 1992 child custody battle with Allen made international headlines, said one of their oddest moments together came when he discovered the drain to the shower in her new country house was in the middle and not the side.

"'What happened? I asked, 'What's wrong?' 'The drain is in the middle,' he said, shaking his head dismissively as if I should have known."

Farrow had to build another shower with the drain at the side.

Farrow said that in her years with Allen, "There were three of us in the relationship: Woody, his shrink and me. No decisions were ever made without her. He didn't even buy sheets without talking to her. I know that part of several sessions went into his switch from polyester-satin to cotton."

In the book Farrow described her shock at first discovering Allen had taken pornographic photos of her adopted daughter Soon-Yi Previn and then that he was having an affair with the 17-year-old.

Farrow also wrote of her 7-year-old daughter Dylan, accusing Allen of sexually molesting her -- a charge Allen strongly denied. He was never charged.

Farrow described Allen as being obsessed with Dylan, saying, "He whispered her awake, he caressed her and entwined his body around her as she watched television, as she played on the floor, as she ate, as she slept. He brought her into bed when he was wearing only his underpants. Twice I made him take his thumb out of her mouth."

The actress, who was married and divorced from Frank Sinatra and conductor Andre Previn, said she cannot explain why she continued her relationship with Allen for so long.

Woody Allen's spokeswoman, Leslie Dart, said he would have no comment on the book. Told that Farrow had used the volume to make numerous accusations against her employer, Dart replied: "I'm not surprised. She's been doing that for four years."

WHAT

To withdraw and expunge the false and written statements; allegations only, which exist within network of news upon the Internet and/or records pretaining to same within the Departments of Texas Corrections, Huntsville, Texas and Pardons and Parole of Austin, Texas.  To hold the aforementioned respandants financially responsible for the demages of "Tort's Interference" and Deflammation of Character to Carl T. Guichard ...i...e...Senior and Junior.

This Honorable U. S. District Court has jurisdiction under 42 U.S.C.& 1997, The Civil Rights of Institutionalized Persons Act (CRIPA)....i...e.."Where it is alleged that prisoners are being depreived of constitutional rights pursuant to a pattern or practice of resistance of the full enjoyment of those rights." end quote!  also

This habeas corpus petition for injunction and complaint of "tort's interference" for completion of sentence and parole while "the petitioner may be either physically confined as in prison or physically not confined as on parole."(SEE U.S.Supreme Court 1923, 104 LED.2D 540(1989).

At present the petitioner; Carl Thomas Guichard, Sr, has been placed within the jurisdiction of the Beaumont, Texas Parole Division as a Mandatory Releasee with a projected release date for August 25,2003.

The instant petitioner/inmate/parolee had/has not committed any offense against aforementioned respondants who are not associated to this offense as imposed September 17,1992 by the Honorable Judge David Dunn of Orange County, Texas for the sentence of five(5) years as a Texas felony of "theft and bond-jumping" only. And as a result of the respondants "Tort's Interference" the five year sentence is now surpassed September 17, 1997.

The method of Tort's Interference "pursuant to a pattern or practice by respondants, of resistance to the due process of the sentence and parole are as follows:

1,  On November 4, 1993 the Texas State Inmate; Carl Thomas Guichard, Sr was granted a

   FI-2 Parole based upon Directive for Texas Rule 145.6 Notification of Parole Panel Decision

   in accordance with 37 TAC & 145.6, and I quote!

   l, CRIMINAL HISTORY:

      A,  "The record does not include a documental pattern of violent or assaultive

         arrests or convictions on the part of the inmate; CRIMINAL HISTORY appears to

         be primarily restricted to non-violent offenses; available information indicates

         only incarceration." (see attached Directive of Texas Board of Pardons and

         Paroles)


2,  In addition; the FI-2 Parolee was granted the Inter-State Compact Act between the

   States of Texas and Louisiana.  His then supervision by Lisa Cassara, Parole Officer

   of the State of Jefferson Parish, Louisiana for the State of Texas.

3,  On November 3, 1994 Lisa Cassara issued two travel passes to Parolee to obtain

   Louisiana employment from a New York City, N.Y firm.  A New York City Press

   Conference was held concerning the parolee's third child daughter; "Dylan-

   Eliza O'Sullivan Farrow" who had been illegally adopted by the respondant;

   Mia Farrow of the State of Connecticut from within the State of Dallas, Texas July 1,

   1985. (SEE H-85-4158 OBSTRUCTION OF JUSTICE U.S. SOUTHERN DISTRICT OF

   HOUSTON,TEXAS AND JULY 1987 ORDER TO PLAINTIFF, "EXHAUST ALL

   STATES REMEDIES FIRST") end quote!  Carl T. Guichard, Sr had not terminated

   his parental rights to his third child daughter who has two additional full-sisters;

   CARISSA KARKOSKY GUICHARD AND ELISA KARKOSKY GUICHARDS.

   His third child daughter was born St.Valentine's Day, February 14,1985 within a

   Harris County Texas Jail and on February 18, 1985 she had been child-snatched

   to Dallas, Texas according to a then Special F.B.I. Agent of Houston, Texas.

4,  Later; On January 26, 1995 the then FI-2 Parolee; Carl T. Guichard, Sr., received

   an answer to his August 30,1994 federal complaint letter against respondants;

   Woody Allen and Mia Farrow as forwarded to Special Agent in Charge; Neil

   Gallagher of the New Orleans, Louisiana branch office of the F.B.I.(see attached)



| | |
|---|---|
| **TEXAS BOARD**<br>**OF**<br>**PARDONS AND PAROLES** | **Number:** BPP-DIR. 01-02.01<br><br>**Date:** February 20, 2001<br><br>**Page:** 1 of 3<br><br>**Supersedes:** None |

# BOARD DIRECTIVE

**SUBJECT:** DIRECTIVE FOR RULE 145.6 NOTIFICATION OF A PAROLE PANEL DECISION

**PURPOSE:** To provide the inmate further information upon notification of a parole panel decision in accordance with 37 TAC §145.6.

**DIRECTIVE:** The following definitions shall apply to the enumerated reasons for the parole panel's decision enumerated in 37 TAC §145.6(d)(1)-(10):

One or more components indicated in each paragraph listed below may apply, but only one is required for approval (A) or denial (D).

## 1. CRIMINAL HISTORY

**A** The record does not include a documented pattern of violent or assaultive arrests or convictions on the part of the inmate; criminal history appears to be primarily restricted to non-violent offenses; available information indicates only incarceration.

**D** The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts upon release; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or adult arrest for felony or misdemeanor offenses.

## 2. NATURE OF OFFENSE

**A** The record indicates non-violent offenses; instant offense indicates no tendency toward violent/assaultive behavior; offense reveals limited potential for future assaultive type offenses.

**D** The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; the record indicates the use of a weapon.

*Exhibit #3*

August 30, 1994

Neil Gallagher, Special Agent in Charge
Federal Bureau of Investigations
1250 Poydras, Suite 2200
New Orleans, Louisiana 70113-1829

Subject: Complaint to file criminal charges against Woody Allen,
movie actor of New York, after investigation into the
"allegations" made by Mia Farrow, actress, and an
individual named Kristy Groteke.

Special Agent Gallagher:

I enclose copy of U. S. Supreme Court Case 94-5491 for the

October, Term.  The writ of centerori explains the overall obstruction

of Federal Justice, Texas Criminal and Civil Justice, and Louisiana Law.

With respect to the present issues before the U. S. Supreme

Court, I now wish to file a complaint regarding the above subject. The

jurisdiction of the F. B. I. is that I am a citizen of Louisiana, the bio-

logical father of the child abuse of whom was infact conceived here within

the State of Louisiana.  The complaint is filed now as a citizens complaint

with respect to the fact I am the father and request a federal investigation

into the issue of child-abuse as stated by the above individuals; Mia Farrow,

Kristy Groteke (The Nanny) and Mr. Frank Maco, the District Attorney for

Litchfield County, Connecticut.

The "alleged" sexual abuse to my child; Karen Lynn Karkosky

Guichard now known as "Dylan" O'Sullivan Farrow, occurred according to

the above named individuals sometime within the year 1992 within Litchfield

County, Connecticut.  It is my understanding that Mr. Frank Maco, District

Attorney for Litchfield County recently stated that eventhough he did not

prosecute Mr. Woody Allen the evidence he obtained proves that a child-

abuse did infact occur.

Therefore; one can fully understand that I, as father, hold all

2-Special Agent Gallagher

parties involved responsible regardless of Mr. Maco's apparent lack of prosecution of the accused.

If your office is not famaliar with the State of Connecticut investigation by Mr. Frank Maco, I now demand a federal investigation in the best interest of my daughter of whom shall be returned, and to the clarification concerning this very grave offense that continues to place individuals at further responsible positions.

In addition; my daughter and I are the victims of continual and life time "branding" by these accusations and both wish this issue to be settled by and through your investigation.

With respect to the pending U. S. Supreme Court Case 94-5491, a DNA test motion shall be filed requesting positive proff that as bio-logical father and one of whom was denied due process to my child of whom is infact "Dylan" O'Sullivan Farrow, shall then only prove to others what I know to be; therefore, the urgency of your investiagion into this matter is and must be of vital importance.

These issues must be resolved immediately and this complaint investigated through or by your office.

Sincerely,

Carl T. Guichard, Sr

Carl T. Guichard, Sr
689 Central Ave Apt I
Jefferson, Louisiana 70121
(504) 736-9815

cc:
Clerk of the U. S. Supreme Court
Washington, D. C......a matter of record.

4, Then on this date,January 26,1995,Mr.Louis A.Freeh;
the Director of the Federal Bureau of Investigation
responded to Carl Thomas Guichard,Sr.:

> "We have reviewed your documents here within
> our Washington,D.C.headquarters and shall
> forward them to our New Orleans,Louisiana
> branch office to investigate the adoption if
> any federal violations." end quote!

5, Shortly thereafter,and on February 2,1995 a
Orleans Parish,Louisiana Civil Court had scheduled
a February 13,1995 hearing for a DNA test between
Dylan-Eliza O'Sullivan Farrow and her biological
father,Carl Thomas Guichard,Senior. and

6, ON FEBRUARY 9,1995 MIA FARROW THEN FILED A
"PROTEST LETTER OF PAROLE" through the Texas Parole
Board of Austin,Texas ONLY!  THE "PROTEST LETTER"
WAS INFACT THE EXACT SAME LEGAL U.S.DOCUMENT LETTER
ISSUED TO HER AND FIVE ADDITIONAL RESPONDANTS WITHIN
THE U.S.OBSTRUCTION OF JUSTICE CAUSE 94-5491 and
ISSUED BY THE THEN PRO-SE ATTORNEY,CARL T.GUICHARD,SR.
WITHIN 1994 SHE NOR THE OTHER U.S.RESPONDANTS HAD NO
OBJECTION TO THE LETTER NOR DID ANY JUDGE OR COURT
FIND ANY OBJECTION. LATER ON FEBRUARY 9,1995

6,    THE PRIOR 1994 LEGAL LETTER WAS ON FEBRUARY 9,1995

USED BY THE INDIVIDUAL: MIA FARROW AS A "PROTEST

LETTER ONLY".   THE EXACT SAME IDENTICAL U.S.DISTRICT

COURT DOCUMENT(LETTER) AS PROVIDED TO THE RESPONDANTS

MIA FARROW,WOODY ALLEN,DELLA BREWER WISNIESKE;ET AL,

BY THE FORMER PRO-SE ATTORNEY,CARL THOMAS GUICHARD,SR.

AND LATER; THE NOW INSTANT RESPONDANTS ON JUNE 9,1997

AND DECEMBER 13,2002 DID USE  THE EXACT SAME LETTER

AGAINST THE CIVIL RIGHTS OF THE PLAINTIFF;CARL THOMAS

GUICHARD,SR AND HIS AERO-SPACE SON, CARL THOMAS

GUICHARD,JR WHO EMPLOYED BY BOEING,INC WORKS ON THE

U.S.SPACE SHUTTLE ROCKETS.  THE FALSE AND FRAUDULENT

ARTICLES OF JUNE 9,1997 AND DECEMBER 13,2002 HAS

ADVERSELY AFFECTED THE CIVIL RIGHTS OF CARL THOMAS

GUICHARD,SR AND ..i..e..HIS SON,CARL THOMAS GUICHARD,JR.

FOR THE ARTICLES DEFLAMMATION OF CHARACTER/CHARACTERS

IS SIMPLY ADDRESSED CARL GUICHARD. THE FALSE ALLEGATIONS

AS STATED WITHIN THE INTERNET ARTICLES WOULD LIKEWISE

"infringe" UPON THE LIBERTY TO THE NOW INSTANT PETITIONER;

CARL THOMAS GUICHARD,SR. FOR IN HIS PURSUIT TO FULFILL

AND COMPLETE THE DUE PROCESS OF THE       SENTENCE AND

PAROLE,THE FOLLOWING VIOLATIONS OF HIS CIVIL RIGHTS

OCCUR   :

6 A,   The February 9,1995 filing of a "protest letter"
       by the now instant respondant; Mia Farrow to the
       Texas Parole Board ONLY; constituted a breach
       against the then Pro-Se Attorney/parolee and of
       the prior U.S.Court proceedings of 1994. Only the
       U.S.Court had jurisdiction of the then filed U.S.
       exact same letter(document). For at the time of
       issurance no then U.S.Respondant..i.e.Mia Farrow;
       et al Della Wisnieske,Lorraine Karkosky Guichard,
       had no then objections to the letter.  However;
       and later on February 9,1995 the sole purpose by
       the instant respondant; Mia Farrow was then to
       obstruct the due process of parole as well the
       previous 1987 U.S.Order issued by Chief U.S.Justice
       James DeAnda,"Exhaust all States Remedies" and in
       addition the then scheduled Orleans Parish,Louisiana
       Civil Court hearing for a DNA motion test,February 13,
       1995., then later

6 B,   The now instant respondant; Mia Farrow continued to
       violate the parolee's U.S.Civil Rights on July 26,1996;
       requesting to the Texas Parole Board that the then
       Mandatory parolee be "Electric-leg-monitored". The
       then parolee; Carl Thomas Guichard,Sr, had no detainers,
       no restraining orders of anykind, nor any warrants
       then issued by any individual or state within the

-6-

CSSUKA2A          TEXAS DEPARTMENT OF CRIMINAL JUSTICE          12/03/2002
BPPDCICS/RR67          MINUTES DETAIL INFORMATION          09:17:20
SID NUMBER: 01244286          TDCJID NUMBER: 00635692          PIA NUMBER: 000000
NAME: GUICHARD,CARL THOMAS          PROCESS TYPE: CURRENTLY AN INMATE
ACTION DATE: 04/12/1996          ACTION: SA

ACTION TYPE: RECORD HAS NO ACTION TYPE

| PAROLE BOARD MEMBER | ACTION | PAROLE BOARD MEMBER | ACTION |
|---|---|---|---|
| CYNTHIA TAUSS | SA | MARY LEAL | SA |

REASONS: 01
SPECIAL CONDITIONS:  L O
      "Z" COUNTIES:                    "A" COUNTY:
COMMENTS: L-ELECTRONIC MONITORING; O-SHALL NOT HAVE CONTACT IN ANY MANNER
   WITH MIA FARROW OR HER FAMILY MEMBERS UNLESS THROUGH A COURT OF LAW.

PF1=HELP      PF3=PREV MENU      PF5=MINUTES      PF12=TDCJ MENU      CLEAR=EXIT
-- REQUESTED MINUTES DETAIL IS DISPLAYED.

United States.   The depreivation of the mandatory
parolee's civil rights pursuant to a pattern or
practice of resistance of the full enjoyment of
those rights lies within the procedures "forced-
upon at the "Walls" Huntsville,Texas..i.e..to sign
abritary documents of which are in violation of
due process,or return immediately to further imprison-
ment.   Nevertheless; the Abritary Document a request
by Mia Farrow to "Electric-leg-monitor"the then
Mandatory Releasee;Carl Thomas Guichard,Sr did also
violate the Texas State Legislature Guildlines of
1992 and of his plea-bargain sentence of 1992 as
well.   Later and in addition it proved to be in
violation of the then 1996 contract between the Texas
Department of Corrections and Parole Board with Mr.
Land Manor of Beaumont,Texas.(See Beaumont Enterprise
Newspaper articles dated,_____.
The Mandatory Releasee;Carl Thomas Guichard,Sr was
then assigned to Land Manor Half-Way House located,

_____.

6 C,       Mr.Bill Seabourne then Parole Officer had refused
to "electric-leg-monitor" the mandatory releasee for

a parole stipulation "P".."Electric-leg-Monitor" was
then to be of contractial violations between the parties;
the State of Texas..i..e..Texas Department of Correction,
the Texas Pardons and Parole and Carl T.Guichard's
1992 sentencing guildlines, as well the 1996 contract
agreement between Mr.Land Manor to house parolees. then

      On or about October 2,1996 Mr.Bill Seabourne of
Land Manor Half-Way House of Beaumont,Texas conducted
a "FIRE DRILL" and immediately transferred all in-house
parolees to each respective Texas parole plan. He; from
July 26,1996 through October 2,1996,had refused to then
"Electric-leg-Monitor" the parolee;Carl Thomas Guichard,Sr.
Guichard's parole was to be then transferred to Houston,
Texas.

6 D,     Later; and in violation of U.S.Government Rules
Governing abuse on the Internet,the instant respondants
placed the false articles of discrimmation of character/
characters; on the Internet and in violation of the
Privacy Information Acts(FOIPA) against the petitioner,
using only Carl Guichard.  Such not only violates the
civil rights of Carl Thomas Guichard,Sr but as well the
civil rights of Carl Thomas Guichard Jr,as well.
(See continuish false allegations and abuse of Internet
dated December 13,2002)

      The Internet abuses by using the Internet alone
violated all due process procedures for the parolee was

never accused of violating any law pretaining to them,
by any individual,City,State or Government. The plaintiff
has never been near or within the State of Connecticut,
never been prior falsely accused of "threats to Mia Farrow",
and has only followed the U.S.Court Order by the Honorable
U.S.Chief Justice James DeAnda,"Exhaust all States Remedies
First". end quote!

Later; the totally false and fraudulent written
articles of June 9,1997  E-online and Mr.Showbiz of
June 10,1997 as well..i..e..December 13,2002; were proven
by the parolee to be false and successfully   refuted within
the December 14,2001 "Notice of Revocation Hearing" held
at Jester Three Unit of Richmond,Texas. The instant respond-
ants; Mia Farrow; the Hartford Current Newspaper,the Cable
News Network,Inc and e-mail Internet,News-Times,Showbiz;
all failed to respect the due process of the plaintiff's
civil right and off his son not to be discrimmated against
on nationwide and internationally abuse of the Internet.

The December 14,2001 RECOMMENDATIONS by the Texas
Parole hearing,pages 1 through 6 clearly refute the false
allegations as stated within the articles illegally placed
within the Internet:  See the following:

$EXHIBIT$ # 7

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE DIVISION
PD WARRANTS SECTION

### Notice of REVOCATION HEARING

Re: GUICHARD, CAROL THOMAS TDCJ#: 635692

A REVOCATION Hearing has been set in the TDCJ-ID on 12-14-2001 at 9:00:00 AM at the JESTER 3 UNIT or unit of assignment.

Persons expected at the hearing are the above inmate, and:

     Hearing Officer: MCDONNELL, T., ANGLETON District Office

     Attorney:

Instant Offense: THEFT; BAIL JUMPING

Discharge Date: 08-15-1998

RULE ALLEGATIONS:

1

3

9B

4

[✓] Notice of Revocation Hearing

[ ] Sealed Evidence Packet

Received by me _Carl Thomas Guichard_   Date _12-11-01_

Witness _Vicki Jefferson_   Date _12/11/01_

**O**ffender copy

cc: PD Warrants Section



**S T A T E  O F  T E X A S**
BOARD OF PARDONS AND PAROLES
PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:          DPS#: __01244286__
                                                TDCJ#: __635692__

WHEREAS __CARL THOMAS GUICHARD_____ was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice, was released to administrative supervision and subsequently failed to fulfill the terms and conditions of said release.

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT be issued and the aforementioned person be returned to be confined in the Institutional Division of the Texas Department of Criminal Justice.
*********************************************************************************

TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the Texas Department of Criminal Justice of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Code of Criminal Procedure and Chapter 508, Texas Government Code. THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

By _____
Board Chairman

ISSUE DATE __12/27/01__
WARRANT NO __12-27-01-635692__

Board of Pardons and Paroles
P. 0. Box 13401
Austin, TX 78711
(512) 406-5452
Teletype# BPPZ or ORI# TX227015G

Distribution:
DPS
TDCJ-ID
DETAINING AUTHORITY

BPP-COC-98 (R-07-01-98)





DEC 1 8 2001

*An*

# BOARD OF PARDONS AND PAROLES
## Hearing Section

☐ P   ☒ MS   ☐ SC
HB1112 ☐ YES ☒ NO   OTHER
Start Date:

## <u>HEARING REPORT PROCESSING SHEET</u>
☐ PRELIMINARY   ☒ REVOCATION

NAME: <u>GUICHARD, CARL THOMAS</u>        TDCJ#: <u>635692</u>        SID #: <u>01244286</u>
DATE OF HEARING: <u>12-14-01</u>     BEGIN TIME: <u>9:25 A.M.</u>   END TIME: <u>10:20 A.M.</u>
OFFENDER'S LOCATION: <u>TDCJ-ID, JESTER III UNIT</u>
OFFENDER  ☒ REQUESTED / ☐ WAIVED REVOCATION HEARING
DATE ☒ WARRANT / ☐ SUMMONS ISSUED: <u>11-20-96</u>        EXECUTED: <u>10-18-01</u>
RELEASE DATE: <u>07-26-96</u>        SCHEDULED DISCHARGE DATE: <u>08-15-98</u>

ATTORNEY DETERMINATION:  ☒ APPROVED   ☐ DISAPPROVED   ☐ WAIVED   ☐ RETAINED

**OFFENDER'S ADMISSION(S)/**
**DENIAL(S) OF ALLEGATION(S)**                    **FINDINGS:**

| | | | | H/O Y | H/O N | H/S Y | H/S N |
|---|---|---|---|---|---|---|---|
| ☐ Admit | ☒ Deny | Rule # 1 | FAILURE TO REPORT | ☐ | ☒ | ☐ | ☒ |
| ☐ Admit | ☒ Deny | Rule # 3 | CHANGING RESIDENCE | ☐ | ☒ | ☐ | ☒ |
| ☐ Admit | ☒ Deny | Rule # 9-B | FAILURE TO PAY SUPERVISION FEES | ☐ | ☒ | ☐ | ☒ |
| ☒ Admit | ☐ Deny | Rule # 4 | BEING IN THE STATE OF NEVADA WITHOUT PERMISSION | ☒ | ☐ | ☒ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |

| RECOMMEND | REVOKE | PTRH | NON-REVOCATION ACTION | | ISF | SAFP | RTSS |
|---|---|---|---|---|---|---|---|
| FIELD OFF | ☐ | ☐ | N/A | | ☐ | ☐ | ☐ |
| HEARING OFF | ☐ | ☐ | XXX – ALLOW TO DISCHARGE | | ☐ | ☐ | ☐ |
| REVIEWER: | ☐ | ☐ | X - Allow to Discharge | | ☐ | ☐ | ☐ |

ADDITIONAL RECOMMENDATIONS:         (☐ SAFP BED CERTIFICATION ATTACHED)

*RW 12-27-01*

**BOARD DISPOSITION:**
☒ REVOKE
☐ PROCEED TO REVOCATION HEARING (PTRH)        ☐ ISF        ☐ SAFP
☐ NON-REVOCATION ACTION: PENDING ADJUDICATION OF CHARGES
☐ NON-REVOCATION ACTION: CONTINUE SUPERVISION
  REAFFIRM ANY EXISTING SPECIAL CONDITIONS OR MODIFY AS NOTED BELOW –

_____

☐ NON-REVOCATION ACTION: ALLOW TO DISCHARGE
☐ REFER CASE BACK TO HEARING OFFICER FOR FURTHER DEVELOPMENT OF FACTUAL OR LEGAL
  ISSUES, WITH OR WITHOUT REOPENING THE HEARING, FOR THE FOLLOWING REASONS:

_____

DISPOSITION DATE:  **DEC 2 7 2001**

DIST:   CENTRAL HEARING SECTION                    OFFENDER/SAME AS ABOVE
        HEARING OFF / T. McDONNELL/ANGLETON        ATTORNEY / J. JEWETT/
        SUPV OFF / N/A                                  P. O. BOX 1386/
        AGT OFF / N/A                              MISSOURI CITY, TX. 77459
        PRE-REV ID/CENTRAL

HS-135 (R 10-00)                                        Page 1 of 1



# BOARD OF PARDONS AND PAROLES
## Hearing Section

☐ PRELIMINARY   ☒ REVOCATION HEARING REPORT

DATE: <u>12-14-01</u>

**I.   IDENTIFICATION:**

NAME: <u>GUICHARD, CARL THOMAS</u>                TDCJ/SID#: <u>635692/01244286</u>

HOME ADDRESS: <u>TDCJ-ID, JESTER III UNIT</u>

CITY: <u>RICHMOND</u>          COUNTY: <u>FT. BEND</u>, TX.        ZIP CODE: <u>77469</u>

The purpose of the Hearing was to determine if adequate grounds exist to find that the above named Releasee violated the conditions of release as per the attached charging instrument and the hearing report processing sheet that is affixed to the front of this report.

A.  The following were Hearing Participants:

| NAME | ADDRESS | TITLE/POSITION |
|---|---|---|
| GUICHARD, Carl Thomas | Same as above | RELEASEE |
| JEWETT, James T. | P. O. Box 1386<br>Missouri City, Texas  77459<br><br>Phone: (713) 432-1505 | ATTORNEY<br>☒ Appointed<br>☐ Retained<br>☐ Pro bono |
| NONE | | PAROLE OFFICER<br>☐ Supervising<br>☐ Agent |
| McDONNELL, Tim | 1208 North Velasco<br>Angleton, Texas  77515<br>Phone: (979) 849-6491 | HEARING OFFICER |

B. Listing of Witnesses / Observers:

| NAME | TITLE/POSITION/RELATIONSHIP | WITNESS Adverse / Friendly | |
|---|---|---|---|
| NONE | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |

HS-104 (R 06-01)                                                      Page 1 of 6

Name: **GUICHARD, CARL THOMAS**                    **Administrative Release Hearing Report**
No.:  `635692/01244286`

## II.  NOTATION AS TO CONDUCT OF A PRELIMINARY HEARING:

A Preliminary Hearing ☐ was / ☒ was not held in this case.  The Preliminary Hearing Report dated _____ is attached, if applicable.

## III.  PRELIMINARY MATTERS AND EVIDENTIARY PHASE:

A.  The purpose of the Hearing and its implications were explained to the Releasee who voiced an understanding of the rights and elected to continue with the Hearing.

B.  All persons who participated in the Hearing were sworn to tell the truth by the Hearing Officer.

C.  The Rule ☐ was / ☒ was not invoked.

D.  There ☐ was / ☒ was not a challenge to the neutrality of the Hearing Officer.

E.  Rights of the Releasee:

☐ Rights were read and reviewed with the Releasee, who voiced an understanding of same.

☒ Releasee, who was represented by Counsel, waived reading of the rights, after voicing an understanding of the rights as listed on the charging instrument, which were previously reviewed with him / her.

F.  Amendments / Additions to Allegations listed on the Charging Instrument: ☒ None  ☐ As follows:

G.  Other Preliminary Matters: ☒ None  ☐ As follows:

H.  Additional Information / Status of Criminal Law Charges: ☒ None  ☐ As follows:

I.  Motions / Objections and Rulings / Determinations made during the Hearing: ☐ None ☒ As follows:

**OBJECTION** to Exhibit B (Parole Certificate) and Exhibit C (Violation Report) because they indicate a release date of 07-96, when RELEASEE maintains that he was released on parole in 05-97. **OVERRULED. ACCEPTED.**

**OBJECTION** to hearing officer admitting into evidence RELEASEE'S letter (Exhibit #1) to the Parole Board because the letter was written prior to counsel being appointed. RELEASEE was unaware that it could affect his parole status. **OVERRULED. ACCEPTED.**

Name: **GUICHARD, CARL THOMAS**                    Administrative Release Hearing Report
No.: 635692/01244286

J.  The following documents were taken into evidence as exhibits and marked as follows:

### STATE'S EXHIBITS

A       AFFIDAVIT BY – D. DELAROSA – EVIDENCE
B       CERTIFICATE OF ADMINISTRATIVE RELEASE
C       VIOLATION REPORT
D       AFFIDAVIT BY – D. DELAROSA – ADJUSTMENT

### **DEFENSE EXHIBITS**

1       STATEMENT FROM RELEASEE

IV.  **HEARING OFFICER'S COMMENTS:** ☐ None  ☒ As follows:

RELEASEE is not eligible for ISF placement.

RELEASEE raised a legitimate defense as to the allegations of not reporting, changing residence and not paying his supervision fees. Based on this, and the fact that the supervising parole officer was not present to refute this defense, insufficient evidence was established to show that RELEASEE violated Rules 1 (Failure to Report), 3 (Changing Residence) and 9-B (Failure to Pay Supervision Fees).

It was obvious to this hearing officer during the course of the hearing and RELEASEE'S letter to parole authorities; RELEASEE has difficulty maintaining focus on single issues. RELEASEE has a tendency to combine numerous events into one continuous event, which at times appears confusing. However, RELEASEE was adamant in stating that he has had no contact nor has he attempted to contact Mia FARROW or her children.

V.  **HEARING OFFICER'S FACT FINDINGS AND CONCLUSIONS OF LAW:**

EVIDENCE STANDARD: ☐ Probable Cause  ☒ Preponderance

A.  I find from Exhibits **A & B** the Releasee is under the authority of the Board of Pardons and Paroles and is subject to and knowledgeable of the rules / conditions of his / her administrative release status.

B.  **Regarding the following allegation, I find:**

RELEASEE was instructed and made aware of all terms and conditions of his/her administrative release; however, he/she failed to faithfully observe the following rule:

- (Rule 4)  By being in the State of Nevada without written permission of his parole officer, on or about 10-01.

HS-104 (R 06-01)                                                                    Page 3 of 6

Name:  GUICHARD, CARL THOMAS                      Administrative Release Hearing Report
No.:    635692/01244286

Conversely, the evidence presented was insufficient to establish that RELEASEE violated the following rules:

- (Rule 1)  By failing to report as instructed to Parole Officer B. SEABOURNE, on or about 11-18-96, at or about the Beaumont District Parole Office;

- (Rule 3)  By changing residence to a location undisclosed to his parole officer, on or about 11-05-96; and

- (Rule 9-B)  By failing to pay supervision fees as instructed since his release from TDCJ-ID.

I based the above finding(s) on:

- RELEASEE'S admission to violation of Rule 4;

- Exhibit C (Violation Report);

- The fact that RELEASEE'S supervising parole officer was not present this date to testify; and

- No further evidence being submitted.

Testimony of RELEASEE:

** RELEASEE testified that contrary to his parole certificate, he was released from TDCJ-ID in 05-97 to a halfway house in Beaumont, Texas. Shortly thereafter, the halfway house encountered contract problems due to the fact that they were going to start admitting sex offenders to the residence. RELEASEE was told by his parole officer to find a new residence in Texas. He went to live with a friend in Texas. He contacted his parole officer who was aware that he was living in Houston, Texas. His parole officer told him that he would be hearing from a local parole officer in Houston, Texas. RELEASEE phoned numerous times to the parole office in Houston, Texas. He was told that they did not have his paperwork. He maintains that he was never instructed to report to Parole Officer Bill SEABOURNE and was told to wait to hear from Houston Parole Authorities. His parole officer knew where he was residing. Parole Officer SEABOURNE telephoned and said they wanted to tap his friend's phone line as well as place him on a leg monitor. Based on this, his friend would not allow him to reside with him any longer. He again attempted to contact Houston Parole Authorities to explain his situation but they were unable to assist him because they did not have is file material. At that time, his supervising parole officer was not B. SEABOURNE. RELEASEE also maintains that he was never instructed to pay supervision fees. He was not working at the time.

** In 1999, RELEASEE testified that he went to live in Nevada. He was living in various shelters in Nevada.

CONCLUSION:  RELEASEE violated Rule 4; however, he did not violate Rules 1, 3 and 9-B.

Name: **GUICHARD, CARL THOMAS**                    **Administrative Release Hearing Report**
No.:  ´635692/01244286

VI.    **ADJUSTMENT PHASE:** ☐ None  ☒ As follows:

    A.  Parole Officer: ☐ Relied on Previously Submitted Adjustment Information, ☒ Introduced
       Exhibit __D__  ☒ Presented No Further Information OR ☐ Presented the Following:

    B.  Releasee: ☐ None  ☒ As follows:

       RELEASEE stated that after leaving Houston, Texas, he went for a brief time to Louisiana
       and then returned to Houston, Texas. He then went to Las Vegas, Nevada. RELEASEE denies
       committing any new crimes. He maintains that he did not consume alcohol or use any illegal
       drugs. His sister recently had a stroke and he would like to see her. RELEASEE would like to
       live with his son in Louisiana should he be released on parole supervision. RELEASEE is
       currently 65 years of age.

    C.  Placement Plan, if supervision is continued: ☐ Halfway House

       Name and Relationship: Son – Carl GUICHARD, JR.
       Street Address:          121 Marina Boulevard
       City, County, State:     Mandeville, Louisiana  70147
       Telephone number:      (504) 845-1418
       Plan is Verified:         ☐ YES  ☒ NO

HS-104 (R 06-01)                                                            Page 5 of 6

**Name:** GUICHARD, CARL THOMAS                    Administrative Release Hearing Report
**No.:**   635692/01244286

## VII.   RECOMMENDATIONS:

### A. FIELD OFFICER'S RECOMMENDATION: N/A

- ☐ Proceed To A Revocation Hearing
- ☐ Transfer To An Intermediate Sanction Facility (ISF)
- ☐ Transfer To A Substance Abuse Felony Punishment Facility (SAFP)
- ☐ Revoke
- ☐ Non-Revocation Action (withdraw pre-revocation warrant, if any):
  - ☐ Allow Releasee to Discharge
  - ☐ Pending Adjudication of Charges
  - ☐ Continue Supervision under the ☐ Same / ☐ Modified Conditions.
    Modifications:
    - ☐ Return to Sending State
- ☐ No Recommendation Made. Reason:

### B. HEARING OFFICER'S RECOMMENDATION:

- ☐ Proceed To A Revocation Hearing
- ☐ Transfer To An Intermediate Sanction Facility (ISF)
- ☐ Transfer To A Substance Abuse Felony Punishment Facility (SAFP)
- ☐ Revoke
- ☒ **Non-Revocation Action** (withdraw pre-revocation warrant, if any):
  - ☒ **Allow Releasee to Discharge**
  - ☐ Pending Adjudication of Charges
  - ☐ Continue Supervision under the ☐ Same / ☐ Modified Conditions.
    Modifications:
- ☐ Return to Sending State

## VIII.   ATTACHMENTS (as applicable): Exhibits in Section III. J., **1** Cassette Tape(s) of the Hearing, PSV-48 Charging Instrument, ☒ Fee Affidavit Form, **0** Return Copy of Subpoenas issued in this case, and **0** Continuation Pages.

Submitted by

T. McDONNELL
Hearing Officer

**TM:drh**
Date turned in for Typing:  12-14-01
Date Typing Completed:    12-17-01

DIST:  CENTRAL HEARING SECTION              RELEASEE/SAME AS ABOVE
       HEARING OFF/T. McDONNELL/ANGLETON     ATTORNEY/J. JEWETT/
       SUPV OFF/N/A                                 P. O. BOX 1386/
       AGT OFF/N/A                            MISSOURI CITY, TX.  77459
       PRE-REV ID UNIT/CENTRAL

THE THEN MANDATORY RELEASEE/INMATE,CARL THOMAS GUICHARD,SR.,
WAS SERVED AT JESTER THREE UNIT,RICHMOND,TEXAS ON DECEMBER
14,2001 "NOTICE OF REVOCATION PAROLE HEARING":

7 A,    THESE DOCUMENTS ASERTS HIS CLAIMS WHEREBY THE INSTANT
RESPONDANTS;MIA FARROW,ET AL.,HAD/HAVE VIOLATED HIS U.S.
CONSTITUTIONAL CIVIL RIGHTS FOR DUE PROCESS AND THE U.S.
GOVERNMENT REGULATIONS GOVERNING THE ABUSE OF THE INTERNET:

1,   NOTICE OF REVOCATION HEARING:
     *Instant Offense..i...e..THEFT;
                         BAIL JUMPING
     *Discharge Date: 08-15-1998

      RULE ALLEGATIONS:
     *Rule 1 failure to report
     *Rule 3 changing residence
     *Rule 9B failure to pay supervision fees
     *Rule 4 being in the State of Nevada without permission
     THEN IMMEDIATELY SEE(page 3 of 6 IV.HEARING OFFICER'S
     COMMENTS)

PAGE 1 of 6:

2A.."HEARING PARTICIPANTS;JEWETT,GUICHARD,MCDONNELL",end
     quote!..i..e..Noticibly absent;Mia Farrow,et al.,

 B..LISTING OF WITNESSES/OBSERVERS:
     Name: NONE

The instant petitioner is simply pointing out
the fact that the respondants; Mia Farrow,et al.,
had/has never afforded, or followed, due process
of anykind. They all are in violation of the
petitioner's due process and as stated within the
U.S.Constitution, the Due Process Clause of
Confrontation!  further:

PAGE 2 of 6

7 B,   I..<u>MOTIONS/OBJECTIONS AND RULINGS/DETERMINATIONS,ETC</u>.

The inmate/petitioner had previously submitted a
November 19,2001 letter addressed to the Texas Parole Board.
It simply pointed out the "TORT'S INTERFERENCE" by Mia Farrow;
et al.,and later his newly then appointed December 14,2001
attorney; Jewett,without first consulting with parolee he
objected on the ground that an attorney had not then;
November 19,2001 been assigned. The inmate had no objection
for his letter had addressed the issue of "TORT'S INTERFERENCE".
Therefore; the letter of November 19,2001 became apart of
the record and of the then "tort's interference". And as
well in relationship against the false Internet and News
articles:

<u>III  PRELIMINARY MATTERS AND EVIDENTIARY PHASE:</u>

F...AMENDMENTS/ADDITION TO ALLEGATIONS;ETC  X NONE

G...OTHER PRELIMINARY MATTERS:  X  NONE

H...ADDITIONAL INFORMATION/STATUS OF CRIMINAL LAW
    CHARGES   X NONE

further:

7 C,     PAGE 3 of 6 (ATTACHED AND SELF-EXPLANATORY)

    *RELEASEE raised a legitimate defense;etc,etc has

    had no contact nor has he attempted to contact

    Mia Farrow;etc." end quote!


PAGE 4 of 6(ATTACHED SELF-EXPLANATORY)

    *"INSUFFICIENT EVIDENCE THAT RELEASEE VIOLATED

    RULE 1,3,and 9B *no further evidence being

    submitted." end quote! and

PAGE 5 of 6 SELF EXPLANATORY

then
Page 6 of 6

    *HEARING OFFICER'S RECOMMENDATION:

    X NON-REVOCATION ACTION(withdraw pre-revocation warrant,
    if any):

    X ALLOW RELEASEE TO DISCHARGE

    SIGNED 12/17/01 by MR TIM MCDONNELL


7 D,     IN ADDITION TO THE AFOREMENTIONED EXHIBITS THE INSTANT

PETITIONER,CARL THOMAS GUICHARD,SR SUBMITS TWO TIME SHEETS,

DATED 1/10/02 and 5/30/02 FOR THE PURPOSE OF SHOWING

NO DETAINERS AND EXCESSIVE EXTENSION OF SENTENCE DUE TO

"tort's interference" and of incorrect entrance date;all

of which was made issue as well.(see Nunc Pro Tunc 1-15-02)

```
        T. D. C. J.  -  I N S T I T U T I O N A L    D I V I S I O N  ·
         DATE 01/10/02         RECORDS OFFICE         TIME 09:01:04
TDCJID: 00635692 NAME: GUICHARD,CARL THOMAS          UNIT JESTER III
SENT. BEGIN DATE 05/09/1992 TDC RECEIVE DATE 03/01/1993
INMATE STATUS LINE CLASS I              W      LAST PCR REQUEST 01/10/02


     SENT. OF RECORD       00005 YRS 00 MOS 00 DAYS   MAND SUPV PAROLE
     FLAT TIME SERVED      00003 YRS 02 MOS 07 DAYS   063  %   063  %
     GOOD TIME EARNED      00000 YRS 01 MOS 24 DAYS   003  %   003  %
     WORK TIME EARNED      00000 YRS 01 MOS 11 DAYS   002  %   002  %


     MAND SUPV TIME CREDITS  00003 YRS 05 MOS 12 DAYS   068  %
     PAROLE TIME CREDITS     00003 YRS 05 MOS 12 DAYS            068  %
     DISCHARGE DATE WITH COMMUTATION AND TRUSTY TIME 09/29/2002

JAIL GOOD TIME RECD YES        NUMBER OF DETAINERS 00
GOOD TIME LOST 00000 DAYS      WORK TIME LOST 00000 DAYS
PAROLE STATUS   BPP DATE                 TDC CALC DATE 10/18/2001



*MANDATORY SUPERVISION PROSPECT
REQUEST _____
CONDUCT RECORD:
```



```
UNIT COPY          T.D.C.J.-INSTITUTIONAL DIVISION      05/30/2002-111
ITS40952                     INMATE TIMESLIPS
```

GUICHARD,CARL THOMAS            TDC:00635692 SID:01244286 UNIT: J3


```
*PRJ-REL-DATE:       07 15 2002    MAX-EXP-DATE:       08 25 2003
*INMATE STATUS:      S4 W          MAX TERM:            5 00 00


 FLAT  TIME CREDITED:    3 09 05    CALC BEGIN DATE:   05 09 1992
 GOOD  TIME CREDITED:    0 06 16    TDC RECEIVE DATE:  03 01 1993
 BONUS TIME CREDITED:    0 00 00    GOOD TIME LOST:            0
 WORK  TIME CREDITED:    0 04 25    WORK TIME LOST:            0
*TOTAL TIME CREDITED:    4 08 16


*STATUS EFFECT  DATE: 05 10 2002    JAIL GOOD TIME RECEIVED: YES

STAT CHG: S4/05 10 02
```


```
*TIME CALCULATIONS DO NOT INCLUDE ABSENCES FOR CURRENT MONTH
PAROLE DATA: SERVE ALL
CHANGE TO: STATUS/
```

NEVERTHELESS; THE THEN INMATE OF JESTER THREE UNIT
INSTEAD WAS REQUIRED TO ONCE AGAIN ACQUIRE GOOD TIME,
WORK TIME AND FLAT TIME TO AGAIN EQUAL THE FIVE (5) YEAR
SENTENCE OF 1992.  IT SHOULD BE NOTED THAT DURING SUCH
TIME HE WAS THEN ASSIGNED AS "FIRE WATCH" FOR THE GARMENT
FACTORY AND NOT REQUIRED TO PARTICIPATE WITHIN ANY ALCOHOL,
DRUG ABUSE PROGRAMS NOR ANY MENTAL HEALTH EVUALATION FOR
THE INMATE HAS NO HISTORY OF SUCH. HE WAS INFACT A T.B.
MEDICAL INMATE ONLY AT JESTER THREE UNIT AND HIS PRIOR
UNIT,RAMSEY THREE.

7 E,

SHORTLY BEFORE HIS SCHEDULED MANDATORY RELEASE FOR
JULY 15,2002 THE ISSUE OF TORT'S INTERFERENCE BY MIA FARROW,
ONCE AGAIN AROSE.  SHE HAD ONCE AGAIN REQUESTED THE TEXAS
PAROLE BOARD TO "electric monitor" and in addition, to
MHMR (mental health and retardation) against the inmate/
petitioner; Carl Thomas Guichard,Sr.  IMMEDIATELY; the
inmate did notify the medical department at Jester Three
Unit,Richmond,Texas and Dr.Roberts and RoseAnn Talafano
of the Psychology Department then notified the Texas
Pardons and Parole Department that Guichard has no history
of mental health or problems.

8 A,      THE JESTER THREE UNIT INMATE;CARL THOMAS GUICHARD,SR,
WAS SCHEDULED TO BE MANDATORY RELEASED ON JULY 15,2002.

   1,      DURING HIS INCARIRATION FROM OCTOBER 18,2001 THROUGH
JULY 15,2002 HE WAS NOT ASSIGNED TO PARTICIPATE WITHIN
ANY JESTER THREE UNIT PROGRAMS FOR ALCHOL,DRUG ABUSE,
OR MENTAL HEALTH(MHMR). FOR HE HAS NO HISTORY OF SUCH
ABUSE.  HE WAS SENTENCED FOR THIEF AND BAIL JUMPING
ONLY!

   2,      THE INMATE HAD PRE-NOTIFIED THE TEXAS PAROLE BOARD
OF THE TORT'S INTERFERENCE BY MIA FARROW AND ET AL.,
RESPONDANTS ALL OF WHOM THROUGH FALSE WRITTEN STATE-
MENTS AND ABUSE OF THE INTERNET VIOLATED THE INMATE'S
U.S.CONSTIUTIONAL CIVIL RIGHTS.

   3,      HE LIKEWISE NOTIFIED THAT IF THEY CONTINUED TO USE
AND ABUSE HIS U.S.CIVIL RIGHTS AS GRANTED THROUGH THE
U.S.COURTS (the 1994 legal letter) AGAINST HIM BY
TORT'S INTERFERENCE INTO PAROLE,HE WOULD REJECT ANY
STIPULATION "P"(electric-leg-monitor).

   4,      HOWEVER; "PURSUANT TO THE PATTERN OR PRACTICE OF
RESISTANCE" WHERIN THE INMATES ARE FIRST TRANSPORTED
TO THE "WALLS" OF HUNTSVILLE,TEXAS THEN INFORMED THAT
THEY MUST SIGN ABRITARY DOCUMENTS OR BE IMMEDIATELY
RETURNED TO THEIR UNITS FOR FURTHER IMPRISONMENT.
THE INMATE VERBLY OBJECTED BUT WAS FORCED AGAINST HIS
WILL.

## CRUEL AND UNUSUAL PUNISHMENT:

8B,   ON JULY 15,2002 THE JESTER THREE MANDATORY RELEASE
PAROLEE; CARL THOMAS GUICHARD,SR WAS THEN ASSIGNED TO
CSI BEAUMONT CENTER LOCATED AT 2495 GULF STREET, BEAUMONT,
TEXAS:

1,   A BARB-WIRE FENCH IN "mini-prison" and under no
     American languange could be described as a "half-way
     house". Consists of child abuse "parolees",mental
     health cases of insane violators "parolees",
     convicted murderers, the Mandatory Releasee was
     concerned for his safety and welfare.

2,   THE MANDATORY 1992 RELEASEE HAD NEVER BEEN EXPOSED
     TO SUCH CONDITIONS IN WHICH HIS PERSONALITY,
     CHARACTER,WERE SO DISCRIMMATED AGAINST..I..E..TO
     IMPLY INCARIRATION AT CSI BEAUMONT CENTER.

3,   THE INMATE WAS ASSIGNED TO WORK IN THE KITCHEN
     eight hours,40 hours per week and to attend
     parolee supervised meetings. He was not then
     assigned to attend any MHMR program nor was he
     then "electric-leg-monitored".
      The average of parolees
     who abscond from the CSI Beaumont Center are
     two per day thus creating problems for local
     law enforcement and the Federal Bureau of Investigation.

-15-

CRUEL AND UNUSUAL PUNISHMENT

4,   The MANDATORY RELEASEE;Carl Thomas Guichard,Sr.,
through "TORT"S INTERFERENCE ONLY" by respondants;
Mia Farrow; et al.,had never been exposed to such
cruel and unusual punishment during his prior
incariration from September 17,1992 to the then
placing of him into the CSI Beaumont Center. His
mandatory release as outlined within the 1992 Texas
State Legislature did not include such "restraints
upon his liberty".

5,   Prior; the FI-2 parolee of November 4,1993 had only
to report to his respective parole officer but once
a month.  He also was not then required to participate
within any programs of alchol or drug abuse for he
has no history or abuse of such.

6,   And later during his FIRST MANDATORY RELEASE OF JULY 26,
1996 (after the tort's interference by respondant;
Mia Farrow of February 9,1995..i..e."protest letter")
She likewise continued by and in her acts of abuse of
the Internet to discrimminate against the parolee;
Carl Thomas Guichard,Sr.and his son, Carl Thomas Guichard,
Jr.  The then Parole Officer; Mr.Bill Seabourne of
Land Manor Half-Way House had refused to place an
"electric-leg-monitor"upon Carl Thomas Guichard,Sr.,
as then requested by the respondant; Mia Farrow.

6 (continued from page 16)

And in addition; the then parolee was not required to
participate within any alchol or drug programs for he
has/had no history of such abuse. Then to increase the
Tort's Interference the additional respondants; The
Hartford Current News; The Cable News Network,Inc.,
e-mail INTERNET NEWS-TIMES,SHOWBIZ, all violated
the petitioner's U.S.Civil Rights of Due Process;
Discrimmination of character/characters; Carl Thomas
Guichard,Sr & Jr...i...e..Carl Guichard; by placing
an  inflammatory article within the Internet never
affording the lawful Due Process or Confrontation
Clause as stated within the First Amendment of the
United States Constitution.  For the petitioner had
never been in violation of any offense against the
now instant respondant; Mia Farrow. Nor had/has any
restraining order ever been issued against the petitioner;
Carl Thomas Guichard,Sr.

9,     <u>CRUEL AND UNUSUAL PUNISHMENT CONTINUED</u>

ON OCTOBER 21,2002 the petitioner; Carl Thomas
Guichard,Sr.,successfully completed the CSI
Beaumont Center program; all of which had
"restraints against his liberty" and "paper
programs" of which "infringe" upon his
character and as a Mandatory Releasee of 1992.
The mere presence of the former author of the
book, "Child Custody for Men Only"1983,and
his experience as Senior Sales Representative
of Pakistan International Airlines..i..e..
representative of several Airlines; to be within
the CSI Beaumont Center which is well-known
throughout the city of Beaumont,Texas to be
for child-molestors; rapist,murderers;etc.,
completely denies the petitioner his pursuit
for happiness as described within the United
States Constitution.  The motive to forward
him into such a program created solely through
and by the continuish "TORT'S INTERFERENCE" of
and against his due process,and for the completion
of sentence and parole.

CRUEL AND UNUSUAL PUNISHMENT

9 (continued from page 18)

    1, from July 15,2002 through October 21,2002 the
petitioner was never "electric-leg-monitored"
while at CSI Beaumont Center nor was he then
required to participate within any MHMR program
(Mental health,retardation) for as previously
stated and well documented,all know he has no
history of anykind related to such an issue.

    2, Nevertheless; the petitioner upon completion of
the CSI Beaumont Center programs noted that his
October 21,2002 release documents clearly stated
that he had fulfilled all then requirements.i..e.
"no electric-leg-monitor or MHMR requirement".

    3, Later; and however, on November 5,2002 the
"TORT'S INTERFERENCE ISSUE" had placed an "electric-
leg-monitor upon the petitioner; Carl Thomas
Guichard,Sr. Prior from October 21,2002 through
November 5,2002 he was "free" from such restraint.
His weekly visits to the parole office from
October 21,2002 through November 5,2002 indicated
not necessary; however it is apparent that the
Internet articles by the now instant respondants;
Mia Farrow; et al., of December 13,2002 again violated

-19-

<u>CRUEL AND UNUSUAL PUNISHMENT</u>

9 (3) continued from page 19

the petitioner's civil right for due process and
pursuant to a pattern or practice of resistance
of the full enjoyment of those rights, and for
completion of sentence and parole.


10,    AND IN ADDITION; On December 18,2002 the Mandatory
Releasee; Carl Thomas Guichard,Sr.,was forced to
sign additional abritary documents to submit to
"PRE-ENTRY" by paperwork submitted to him into a
SPINDLETOP M.H.M.R.SERVICES,2750 South 8th Street,
Beaumont,Texas programs.

a, Inmates/Parolees must first sign documents which
inaffect reflect that a pre-condition of mental
health exist before seeing any physican,psychiatrist
or person of professional statics.

b, Forced to pre-sign abritary documents which grant
permission to issue drugs and medication against
the inmate/parolee's consent. If they do not con-
sent they immediately return to imprisonment.

<u>CRUEL AND UNUSUAL PUNISHMENT CONTINUED</u>

10 continued from page 20

c, After having been forced to sign abritary
documents or be immediately returned to
confinement, the petitioner; Carl Thomas
Guichard,Sr.,finally was interviewed December 18,
2002 by a Doctor Davis,Psychiatrist. The parolee
then explained the "TORT'S INTERFERENCE" by the
now instant respondants; Mia Farrow,et al and
of the violation of their abuse of the government
guildlines of abuse on the Internet. Then in
addition:

I...the petitioner explained the prior U.S.
Cause H-85-4158 OBSTRUCTION OF U.S.JUSTICE;
and..i..e.. obstruction of Texas and Louisiana
Justice as well. Perjury and false written
statements by ex-wives of the petitioner.

II...the Texas Supreme Court Cause 01-85384CR Appeal
wherein the Texas Supreme Court stated,
"Della Brewer provided false and prejudice

CRUEL AND UNUSUAL PUNISHMENT CONTINUED

10  II continued from page 21:

evidence"against the petitioner; Carl Thomas
Guichard,Sr. Thus forcing the original 1984
misdemeanor charge of "assault" dropped July 1,
1988.

III    Also, in 1971 Jefferson Parish,Louisiana had
dropped "parental kidnapping" for the Juvenile
Judge ruled that Carl Thomas Guichard,Sr.,
father, had never been served any custody orders
related to his then three children.
Much later; the aforementioned respondants
Mia Farrow;et al had announced to the world
within their false and abuse of the Internet
articles, that Carl Guichard had infact Kidnapped!
Such abuse of the Internet violates the Due Process
as previously afforded to petitioner.

IV    On November 17,1988 the petitioner filed a
federal complaint against Perjury by Della Brewer
Wisnieske with F.B.I.Special Agent,Kenneth Knu.

The now instant petitioner; Carl Thomas Guichard,Sr.,

-22-

CRUEL AND UNUSUAL PUNISHMENT CONTINUED

on December 18,2002 and prior had successfully refuted false allegations, false and fraudulent statements(Perjury), false and fraudulent written statements attacking his prior judgements issued by legal U.S.Courts, Texas State Courts, and Louisiana Civil Courts; wherefore Doctor Davis of the Spindletop M.H.M.R. declared that he,Carl Thomas Guichard,Sr.,had/has no problems of mental health or retardation.

The now instant petitioner shall hold in addition the respondant; Della Brewer Wisnieske,financially responsible for the demages imposed for her blanton perjury, false and fraudulent written statements, all of which has obstructed all justice and due process. Likewise; the additional respondants; Mia Farrow, Woody Allen, the Hartford Current News, the Cable News Network, Inc e-mail Internet News-Times,Showbiz...i..e.in violation of the U.S.Government Guildlines of Abuse of the Internet.

Wherefore; the petitioner prays that this his petition  for Injunction to remove all documents proven to be false from the files of the Departments of Corrections,

continued from page 23

the Texas Pardons and Paroles, and the News,e-mail
Internet.

  The Petitioner; Carl Thomas Guichard,Sr.,
request this Honorable U.S.District Court to have
a jury determine the rightful financial demages against
the aforemention respondants for the violation of his
U. S. Civil Rights and for the protection of his son's
future to refrain respondants from the abuse of using
the son's name invein..i..e..merely,Carl Guichard.
  The Petitioner claims that the party Mia
Farrow refrain from "TORT'S INTERFERENCE" into the
Due Process of the sentence and parole issues of 1992,
and of pending issues of adoption. To hold her financially
responsible in the sum of Five (5) Million U.S.Dollars
as well punative demages and as well the respondants;Woody Allen,
the Hartford Current News,The Cable News Network,Inc e-mail
Internet News-Times,Showbiz.  The respondant; Della Brewer
Wisnieske in the sum of One-hundred thousand dollars as well
punative demages.
  The Petitioner request this Honorable U.S.District
Court,upon it's findings, to remove the "electric-leg-monitor"

continued from page 24

placed upon the petitioner,December 15,2002 for it
violates the aforementioned U.S.Constitutional
Civil Rights of the plaintiff,Carl Thomas Guichard,Sr.,
of whom has nothing but admiration as previously stated
to all.

The Petitioner prays that this Honorable U.S.
District Civil Court shall order a show cause hearing
at which time he shall further present documents to
prove his claims.

Respectfully submitted,

Carl Thomas Guichard,Sr.,
Pro-Se Attorney
Dated: _January 15, 2003_____

I, _Carl Thomas Guichard,Sr._ declare under penalty of perjury
that the foregoing is true and correct.
Executed on _January 15, 2003_  _Carl Thomas Guichard, Sr._
             (Date)              Signature of Applicant

-25-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF BEAUMONT
TEXAS

CARL THOMAS GUICHARD,SR
           VS.
MIA FARROW OF BRIDGEWATER,
CONNECTICUT; et al; WOODY                    EASTERN U.S.CIVIL
ALLEN OF NEW YORK,N.Y ,
THE HARTFORD CURRENT                         DISTRICT COURT_____
NEWSPAPER OF HARTFORD,
CONNECTICUT; THE CABLE NEWS
NETWORK,INC e-mail INTERNET
NEWS-TIMES,SHOWBIZ
AND
DELLA BREWER WISNIESKE


## NOTICE OF SERVICE

THE FOLLOWING RESPONDANTS HAVE BEEN ISSUED THE

PETITION FOR INJUNCTION AND "TORT'S INTERFERENCE"

TO DUE PROCESS AND OF PAROLE. THE UNLAWFUL CONDUCT

ON THE INTERNET: BY CERTIFIED U.S.MAIL ON JANUARY____2003.


MIA FARROW c/o
Allen Dershowitz,Attorney
220 Fifth Avenue_____

New York,New York 10017

Telephone: 212-889-4009


WOODY ALLEN c/o
Elkan Abramowitz,Attorney
565 Fifth Avenue
New York,New York 10017
Telephone: 212-856-9600


1 of 2

Page #2 Service "Tort's Interference"


The Hartford Current Newspaper
285 Broad Street
Hartford,Connecticut 06115
Telephone: 1-800-524-4242
Attention: Gene Mazur
           Human Resource Dept



THE CABLE NEWS NETWORK,INC AND
SHOWBIZ
1 CNN CENTER
P.O.BOX 105366
ATLANTA,GEORGIA 30348
TELEPHONE: 404-827-1500
ATTENTION: MEAGE FULSTEIN
           LEGAL DEPT



NEWS-TIMES,INC
333 MAIN STREET
DANBURY,CONNECTICUT 06810
TELEPHONE: 203-744-5100
ATTENTION: LEGAL DEPARTMENT



DELLA BREWER WISNIESKE
24712 GALWAY STREET
HEMPSTEAD,TEXAS 77445
TELEPHONE: 979-826-6380
AND/OR
ROUTE 1,BOX 195W
HEMPSTEAD,TEXAS 77445

                    Respectfully submitted,

                    Carl Thomas Guichard,Sr
                    930 Calder 402
                    Beaumont,Texas 77701
                    Telephone: 409-838-9882


                    page 2 0f 2